PEELMAN
v.
PEELMAN.

4   612
136   597

PEELMAN *v.* PEELMAN and Others.

*A.* having executed to *B.* a bond for the conveyance of land, upon which *C.* was a surety, *C.* afterward executed a bond to *A.* for the conveyance of certain other lands so soon as *A.* should have made the deed to *B.* in pursuance of his bond. *Held,* that *C.'s* agreement to convey to *A.* was gratuitous and void.

The plaintiff cannot recover in chancery on a ground not taken in his bill.

*Saturday,*
*December 31.*

ERROR to the *Switzerland* Probate Court.

DAVISON, J.—Bill by the plaintiff against the defendants to compel a specific performance of a contract to convey land. The defendants are the heirs at law of *Christopher Peelman,* deceased.

The contract sued on is a title bond, executed by *Christopher Peelman* in his life-time to *John Peelman,* the plaintiff, whereby he, *Christopher,* bound himself in the penalty of 300 dollars to make a deed to the said *John Peelman* for forty acres of land (describing it) so soon as he, *John,* shall have made a deed to a certain other tract of land agreeably to a bond given to one *John Turner,* and lifted said bond. This bond was signed by *Christopher Peelman* as security for the plaintiff.

The bill alleges that the plaintiff made a deed to *Turner's* assignee and lifted the bond given to him, and thereupon prays a specific performance against said heirs. The defence set up by the answer denies the right of the plaintiff to a decree, upon the ground that there was no consideration for the agreement to convey; that *Christopher Peelman's* bond was an undertaking on his part to give *John Peelman* forty acres of land if he, *John,* would comply with his own contract previously made—an obligation which, in point of law, he was bound to perform.

The evidence shows that the plaintiff had made *Turner's* assignee a deed and lifted his bond; that *Christopher Peelman,* prior to the execution of his contract to convey the forty acres of land, had sold it to the plaintiff and received full payment therefor; that the plaintiff, under

his purchase, had, in *Christopher's* life-time, occupied and used the land as his own, and still remains in possession of it.

Upon a final hearing of the cause, the Court dismissed the bill.

In our opinion, this decision was correct. *John Peelman*, prior to the execution of the contract sued on, had obligated himself to make a deed to *Turner*. The performance of this obligation is set forth in the bill as the only consideration for *Christopher Peelman's* bond. This consideration was not sufficient to support the contract. The making of the deed to *Turner's* assignee could not, in contemplation of law, result in benefit to *Christopher*, or injury to the plaintiff. In effect it was saying to *John Peelman*, do what the law binds you to perform, and I, *Christopher*, will give you forty acres of land. The promise to convey to *John* was obviously gratuitous.

But the evidence shows that the plaintiff paid for the land, and occupied it under a purchase from the obligor of the title-bond. Hence it is contended that the plaintiff is entitled to a deed. This argument does not meet the case before us. The instrument sued on shows the consideration of the undertaking. The bill does not profess to set up any other. The plaintiff cannot recover on ground not taken in his bill. It was, therefore, not competent for him to show a consideration varying from the one alleged.

*Per Curiam.*—The decree is affirmed with costs.

*D. Kelso*, for the plaintiff.

*J. Sullivan*, for the defendants.